FRANCISCA SOSA MILLÁN, Plaintiff and Appellee, *v.* JUAN I. SOSA ESCOBAR and CELESTINA SOSA VIZCARRONDO, Defendants and Appellant the latter. CARMEN MARÍA SOSA MILLÁN, Defendant and Appellee, *v.* JUAN I. SOSA ESCOBAR and CELESTINA SOSA VIZCARRONDO, Defendants and Appellant the latter.

Nos. 8161 and 8162. Argued March 25, 1941.—Decided April 17, 1941.

*Heriberto Torres Solá,* for appellant. *Ricardo H. Blondet,* for appellee.

Mr. Justice De Jesús delivered the opinion of the Court.

Manuel Sosa Olivas died in Río Grande on September 5, 1921, under an open will which he had executed the 4th day of the preceding month before the Notary Public Carlos García de la Noceda. He designated his natural acknowledged children Juan I. Sosa y Escobar and Celestina Sosa Vizcarrondo as his sole and universal heirs, and appointed executors, his aforesaid son and Dr. José Celso Barbosa respectively in the order named, "so that in the case of absence, incapacity or death of the former, the latter shall succeed him. . . ."

He made a legacy of an undivided portion to Carmen Escobar, mother of his aforesaid son and among other legacies, he made one in the following terms:

"I bequeath in favor of said minors Víctor Manuel, Manuel Isidro, Carmen María and Francisca Sosa Millán, children of Mariana Millán, the sum of $10,000 for each one, from which amount, once the estate of the testator·has been liquidated, each minor shall receive the interest at 6% per annum, while they are under age, and this legacy has the condition that when any one or more than one shall die, the legacy or legacies shall pass to those of them who shall survive, except when the legatee or legatees shall have succession, that is, children; and if all should die without issue, then these legacies shall pass in favor of Juan I. Sosa and Celestina Sosa y Vizcarrondo by equal shares. It is also an indispensable condition that when the legatees shall begin to enjoy this legacy, *Juan I. Sosa and Carmen Escobar shall be the administrators of the legacies, indistinctly and the aforesaid minors shall be under their protection*, because on the contrary, and in case that the mother of the aforesaid·minors should withdraw them from the company of the aforesaid landowners (*sic*) and should take them to live with her, then *the aforesaid minors will not receive*, neither directly or indirectly, *any rents or interest corresponding to their respective legacies*, and this provision shall be null and void and without any legal force *as to the interest or rents of the aforementioned legacies*".

On November 3, 1921, Juan I. Sosa Escobar, Celestina Sosa Vizcarrondo and Carmen Escobar executed before the same Notary García de la Noceda a deed of partition of the estate wherein a relation is made of the legacies, including that to the minors which have been copied, all of which amount to $57,000 and the sum of $81,565.68 is adjudicated in said deed to Juan I. Sosa Escobar to pay the amount of the legacies and the debts of the estate which amount to $24,565.68.

Things being so, on January 25, 1938, Francisca and Carmen María·Sosa Millán·filed separately the complaints in these suits against the heirs of Manuel Sosa Olivas, that is, Juan I. Sosa Escobar and Celestina·Sosa ·Vizcarrondo, alleging that they have become of age and that the former have not delivered to each one of them the sum of $10,000, amount of the legacy aforesaid, nor the interest at 6% since November 6, 1921, nor have those interests ·been invested to their

benefit, and that all their efforts to obtain the payment of the money claimed have been unsuccessful. The complaints end requesting judgment in each suit ordering the defendants to pay jointly and severally to each of the plaintiffs the aforesaid amounts and costs and disbursements.

The defendant Celestina Sosa Vizcarrondo put in an appearance. She filed a demurrer alleging that in regard to her, the complaint did not allege facts sufficient to constitute a cause of action. The demurrer was dismissed and she then filed a long answer opposing the claims of the plaintiffs.

The other defendant, the father of the plaintiffs, did not appear but at the trial the plaintiffs presented in evidence over the objection of the defendant a so called stipulation in each suit which, being quite short, we copy:.

"Motion for approval of stipulation and judgment.—

"The parties appear through their respective attorneys and respectfully allege: First: The defendant Juan I. Sosa has agreed with the plaintiff Francisca Sosa Millán to credit in partial payment of the amount of $10,000 which was left to her by her deceased grandfather and which is the object of the claim in this suit, the amount of $536 in an interest in a property situated in the Ward Martín González of Carolina, P. R.

"Second: That this partial payment is made on acount of the larger sum and that the appearing party, Juan I. Sosa, accepts that he has not paid the corresponding monthly payments to the plaintiff during the time that she was not of age and that he has not required her nor her three brothers, also legatees of her deceased grandfather, to come and live in his company since due to the fact that he had been married it was impossible to have the family of the plaintiff live together with the legitimate family of the appearing defendant.

"Third: That Juan I. Sosa consents that judgment be rendered against him for the total amount of the complaint less the partial payment made, since the plaintiff admits on her part that she has made a search for other properties of the defendant Juan I. Sosa and has not been able to find any others than those which he delivered in partial payment.

"Wherefore, the appearing parties pray this court to approve this stipulation with any other pertinent holdings.

"San Juan, Puerto Rico, this_____day of April, 1938. Re-spectfully (Sgd.) Adrián Agosto, attorney for the defendant; (Sgd.) R. H. Blondet, attorney for the plaintiff. (Sgd.) Juan I. Sosa, defendant (Accepting)—(Sgd.) Francisca Sosa, plaintiff (Accepting)."

A like stipulation was filed in the case brought by Carmen María Sosa Millán.

The evidence of both parties was heard by the lower court on August 8, 1931, which then rendered judgment in each case condemning the defendants to pay to each of the plaintiffs "jointly and severally the amount of $10,000, (the amount of their legacy), plus the interest accrued on that amount at 6% per annum from November 3, 1931 (sic) and until full payment, but from said sum the amount of $536 paid by the codefendant, Juan I. Sosa Escobar should be discounted, which sum, according to the legal provisions, should be first credited to the interest of the legacy and on the date on which the payment was made, to wit, April 30, 1938; plus the costs and expenses of this proceeding, including in the same the amount of $100 as attorney's fees of the plaintiffs."

In the opinion on which the judgments appealed from are based, the trial judge admits that Juan I. Sosa received a sufficient amount to cover the payments of these legacies but he sustains that the adjudication made to him for this purpose is null and does not bind the plaintiffs because in the deed of partition it does not appear that said Sosa appeared as the father with *patria potestas* over the plaintiffs nor in any other character which would connect him with the plaintiffs. On this question, the judge of the lower court says:

"The first thing that we have to decide is whether the principal of the legacy as well as the interest have been paid or not. From the analysis of the evidence which we have hereinbefore made and which we hold to be the proven facts, it does not appear in any place that when the adjudications were made of the property to

Juan I. Sosa, for the payment of the legacies, that he appeared in any other character than personally as heir to admit an amount in order to pay the debts, the legacies and other obligations of the inheritance; but there is nothing that may indicate that in said deed he appeared as the father of the plaintiffs nor as their representative nor in any other character connecting him to the plaintiffs. Under these circumstances, it cannot be said that there has been an adjudication in favor of the plaintiffs. The appearing defendant insists in her brief that the mere fact of the appearance of Juan I. Sosa is a clear indication that he represented them since he cannot have two distinct personalities, but the theory in this jurisdiction is against her. *See Arvelo et al. v. Banco Territorial y Agrícola*, 25 P.R.R. 677.

''There is no indication whatsoever that Juan I. Sosa received any amount for the payment of plaintiff's legacy since different properties of different values were adjudicated to him as a whole for the payment of many obligations of different kinds of the inheritance. The form of this adjudication shows that it is more than anything else a current operation of this nature whereby the interested parties separate properties from the inheritance and deliver them to one of them for the payment of debts, legacies and other debts of the inheritance, making him the agent of the heirs and to whom he is liable for the disposal of those amounts, but this does not affect in any manner the legatees nor the creditors because until their legacies or debts are paid, the obligation is not extinguished. We must reach the conclusion that the mere adjudication of property to the defendant, Juan I. Sosa, could not be equivalent to the payment of the legacies of the plaintiffs.

''But even if this were so, if he has not complied with his mandate, he shall be liable to his principals but in no way have the heirs been released of the obligations imposed upon them by the testator, and much less if the legatees and creditors took no part in the partition. Therefore, as Juan I. Sosa could not appear in any other capacity in the deed of partition, than as an heir, it was necessary that a defender *ad litem* should be appointed to represent the plaintiffs and that later said partition be submitted to the approval of the corresponding district court because said plaintiffs were then minors.''

From the opinion of the lower court it can be seen that the legal concepts of legatee and heir have been confused. The legatee is a mere creditor of the inheritance and as such

it is not necessary that he appear in the deed of partition of property. Let us examine the provisions of Section 825 of the Civil Code (1930 ed.), identical to Section 903 of the Spanish Civil Code. It says:

"Section 825.—Should there not be in the estate cash enough for the payment of the funeral expenses and legacies, and the heirs should not contribute from their own funds thereto, the executors shall sell the personal property; and should the proceeds therefrom not be sufficient, the real property shall be sold, *with the intervention of the heirs.*

"*If a minor*, absentee, corporation, or public institution *should have any interest in the estate*, the sale of the property shall take place with the formalities prescribed by law for such cases."

Manresa, interpreting the phrase *"if a minor . . . should have any interest in the estate"*, says:

"Inheritance is that which belongs to the heirs. The party interested in the inheritance is the same heir to which the first paragraph of the section refers. In effect, if the legatee, even of an equal share, is of legal age, the law does not require his intervention; *it only requires the intervention of the heirs.* Can it be conceived that if he is a minor, the law should look after his interest with such solicitude and when he becomes twenty-three years of age it should abandon him and deny him any intervention? No; both paragraphs are interrelated and they enclose the same idea: that the heirs must never be ignored; that they must be taken into account if they are capable and that the act of the transfer of the property should be carried out with all the legal formalities proper to the case, when their capacity to act is limited. *The legatees are true creditors* and even though the legacy be by share, they must claim their legacies from the creditors (executors) and they can always file suit to rescind the transfer if they are caused irreparable damages, in addition to the other powers given to them by law." 6 Manresa, *Código Civil Español*, page 758. (Italics and parentheses supplied.)

In stating the powers of the executors, Section 824 of the Civil Code (1930 ed.) provides:

"Should the testator not have specially determined the powers of the executors they shall have the following:

"1. .    .    .    .    .    .    .    .

"2. To pay, with the knowledge and consent of the heir, the cash legacies.

"3.    .    .    .    .    .    .    .

"4.    .    .    .    .    .    .    ."

The aforementioned commentator states in regard to Section 902 of the Spanish Civil Code, which is the same as Section 824, the pertinent part of which we have copied:

"If the testator states nothing to the contrary, the legatees of values in money should, if necessary, claim the payment of their legacies *from the executors*, since as we have said, this involves rights which at the same time constitute true duties." Work and volume cited, page 755.

If the personal property can be sold by the executor without the concurrence of the heirs, and the real property with their consent, without the intervention of the legatee in either case, with certain exceptions which do not appear in this case—among which is the case of the sale of a property which has been left to a person—it is obvious that the legatees have no right either to intervene in the partition of the inheritance, since as this Court has repeatedly said, ▮ the partition is nothing but an exchange, among the heirs, of the indeterminate part to which they have a right in the inheritance, for a determined and specific part which they receive for it. *Del Rosario et al.* v. *Rucabado et al.,* 23 P.R.R. 438; *Latorre* v. *Registrar of Mayagüez,* 24 P.R.R. 187; *Ex parte Sotomayor et al.,* 24 P.R.R. 172; *Aponte* v. *Registrar of Caguas,* 30 P.R.R. 730.

But furthermore, Sections 1011 and 1013 of the Civil Code, which are the same as Section 1058 and 1060 of the Spanish Civil Code, regulate this matter in the following manner:

"Section 1011.—Should the testator not have made any division, nor entrusted this power to another, *if the heirs* should be of age and should have the free administration of their property, they may distribute the estate in the manner they may see fit.

"Section 1013.—If the minors should be subject to the parental authority, and are represented in the division by the father or by the mother, in a proper case, neither judicial intervention nor approval shall be required."

■ Finally, Section 71 A of the Act Relating to Special Legal Proceedings, Section 605 of the Code of Civil Procedure, which the appellees allege has been violated, provides:

"Section 605.—(71 A. L.) That whenever the partition of an inheritance is made wherein minors or incapacitated persons are interested, if property of the estate is to be adjudicated in payment of debts to heirs or others, the matter shall be submitted to the district court of competent jurisdiction for approval, and if said court, after hearing the *fiscal,* becomes convinced of the certainty of the debt and that the adjudication in payment of same is reasonable and just, it may approve such adjudication in payment of the debt without a public sale."

It is evident that the minors to which Sections 1013 of the Civil Code and 71 A of the Act Relating to Special Legal Proceedings refer are the minor heirs and not the legatees, since if the latter, when of legal age, have no right to intervene in the partition (Sec. 1011 of the Civil Code) it is obvious that neither can they do so because they are minors.

■ The fact that the plaintiff minors did not appear in the deed of partition and the fact that the formalities prescribed by Section 71 A were not complied with because they were not applicable, do not affect the validity of said document. To this effect, see the case of *Sosa* v. *Registrar,* 34 P.R.R. 733, where this Court ordered the record of the deed of partition to which we refer.

■■ We must now decide if the payment of the legacy to Juan I. Sosa binds the plaintiffs legatees.

As it is not necessary to prove the payment of a legacy by the execution of a public deed, it was not necessary that it be stated expressly in the partition that Juan I. Sosa appeared in his dual capacity as heir and administrator of the legacy. It was sufficient that the payment be made to the

person designated by the testator to receive it, and it was made to that person. If Sosa, failing to comply with the legal and moral obligation that he had towards his children and with the confidence deposited in him by his father, misused the funds delivered to him for its administration, he should be blamed, and up to a certain point, the testator, for his lack of foresight in entrusting him with a mission for which he was not prepared; but this liability cannot be imposed on the defendant who religiously paid to whom, in accordance with the will, she was bound to pay.

The case of *Arvelo et al.* v. *Banco Territorial y Agrícola*, 25 P.R.R. 677, is not applicable. There a proceeding for the foreclosure of a mortgage was decreed to be null because the defendants had not been required to pay, and it was said that the service of the requirement to pay exclusively upon the mother of the defendants, some of which were minors, did not confer jurisdiction over the children. In that case a question of jurisdiction was involved which does not exist in the case at bar.

It is not necessary to consider the other questions raised in this appeal.

For the foregoing reasons, the judgments appealed from must be reversed inasmuch as they refer to the defendant, Celestina Sosa Vizcarrondo, the only appellant, and the judgment which the lower court should have rendered in each case is given, that is, dismissing the complaint in regard to said defendant and ordering the plaintiffs to pay the costs.